**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ILEANA SPIZZIRRI,

          Plaintiff - Appellant,

   v.

JPMORGAN CHASE BANK NA; et al.,

          Defendants - Appellees.

No. 12-57028

D.C. No. 8:12-cv-00311-JVS-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 2, 2015[**]
Pasadena, California

Before: THOMAS, Chief Judge, and D.W. NELSON and IKUTA, Circuit Judges.

    Appellant Ileana Spizzirri appeals the district court's dismissal of her

complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in dismissing Spizzirri's claim for negligence because her complaint failed to plausibly allege that the defendants owed her a duty of care. Despite the complaint's allegations that the defendants generally engaged in improper lending practices, Spizzirri failed to plead with sufficient factual particularity that the defendants conducted the appraisal of her property with the intent of inducing her to enter into a loan transaction, or that the defendants otherwise acted outside their "conventional role as a lender of money" in preparing the appraisal in this case. *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1099–1100 (1991).

The district court did not err in dismissing Spizzirri's claims for nondisclosure and fraudulent concealment. The defendants were not under any legal duty to disclose the details of their underlying business activities while appraising Spizzirri's property and financing her mortgage, and therefore cannot be liable for nondisclosure or fraudulent concealment. *See Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 872–73 (2011).

Because Spizzirri failed to state a claim for either negligence or fraudulent concealment, the district court did not err in dismissing Spizzirri's claim for unfair competition under California law.

**AFFIRMED.**